# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on August 11, 2021

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. _____ |
| v. : | 21-MJ-605 |
| **JAVIER ALGREDO VAZQUEZ,** : | 21 U.S.C. §§ 959(a), 960, and 963 |
| also known as "Men," : | (Conspiracy to Manufacture and |
| : | Distribute Five Hundred Grams or More |
| **Defendant.** : | of Methamphetamine for Importation into |
| : | the United States) |
| : | |
| : | 21 U.S.C. §§ 959(b), 960, and 963 |
| : | (Conspiracy to Distribute a Listed |
| : | Chemical for the Manufacture or Unlawful |
| : | Importation of a Controlled Substance) |
| : | |
| : | 18 U.S.C. § 2 (Aiding and Abetting) |
| : | |
| : | 18 U.S.C. §§ 1956(a)(2)(A) and (h) |
| : | (Conspiracy to Launder Monetary |
| : | Instruments) |
| : | |
| : | 21 U.S.C. §§ 853 and 970 |
| : | (Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Beginning in or around 2011, and continuing thereafter, up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of China, Mexico, the United States, and elsewhere, the Defendant **JAVIER ALGREDO VASQUEZ, also known as "Men,"** together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to manufacture and distribute five hundred (500) grams or more of a mixture or substance containing

a detectable amount of methamphetamine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960, all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

With respect to the Defendant, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to them is five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 960(b)(1)(H).

> (Conspiracy to Manufacture and Distribute 500 Grams or More of Methamphetamine, Intending, Knowing, and Having Reasonable Cause to Believe That Such Substance Would be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(H) and 963; and Title 18, United States Code, Section 2.)

## COUNT TWO

Beginning in or around 2011, and continuing thereafter, up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of China, Mexico, the United States, and elsewhere, the Defendant **JAVIER ALGREDO VASQUEZ, also known as "Men,"** together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to distribute List I chemicals, that is methylamine, and others, intending and knowing that such chemicals would be used to manufacture a controlled substance, that is methamphetamine, a Schedule II controlled substance, and intending, knowing, and having reasonable cause to believe that the controlled substances would be unlawfully imported into the United States, in violation of Title

21, United States Code, Sections 959(b) and 960, all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

> (Conspiracy to Distribute a Listed Chemical for Manufacture of a Controlled Substance, in violation of Title 21, United States Code, Sections 959(b), 960, and 963; and Title 18, United States Code, Section 2.)

## COUNT THREE

Beginning in or around January 2018, and continuing thereafter, up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of China, Mexico, the United States, and elsewhere, the Defendant **JAVIER ALGREDO VASQUEZ, also known as "Men,"** together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to transport, transmit, and transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit the crimes charged in Counts One and Two, in violation of Title 18, United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States Code Sections 1956(h).

> (Conspiracy to Launder Monetary Instruments in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (h).)

## FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendant that upon conviction of the Title 21 offenses alleged in Counts One and Two of this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting

or derived from any proceeds the Defendant obtained directly or indirectly as the result of the alleged Title 21 violations, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of such offenses, including but not limited to:

    (a)    $190,623.59 in United States currency seized from an account ending in 7754 and held in the name of PRO CHEMIE NEW YORK INC.;

    (b)    the real property located at 4217 Ketcham Street, Elmherst, New York; and

    (c)    the real property located at 4215 Ketcham Street, Elmherst, New York.

The United States hereby gives notice to the Defendant that upon conviction of the Title 18 offenses alleged in Count Three of this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1) of any property, real or personal, involved in such offenses, and any property traceable to such property, including but not limited to:

    (a)    $190,623.59 in United States currency seized from an account ending in 7754 and held in the name of PRO CHEMIE NEW YORK INC.

In addition, if any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461 to seek forfeiture of any other property of the Defendants up to the value of the above forfeitable property, including but not limited to:

(a)   the real property located at 4217 Ketcham Street, Elmherst, New York;

(b)   the real property located at 4219 Ketcham Street, Elmherst, New York;

(c)   the real property located at 3705 69th Street, Woodside, New York;

(d)   the real property located 6911 Woodside Avenue, Flushing, New York.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970; Title 18, United States Code, Section 982; and Title 28, United States Code, Section 2461.)

A TRUE BILL:

_____
Foreperson

ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice
Washington, D.C. 20530

By: _____
KATE M. NASEEF
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 514-0917