**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 21-597 (BAH) |
| JAVIER ALGREDO VAZQUEZ, | Judge Beryl A. Howell |
| Defendant. | |

**MEMORANDUM AND ORDER**

Defendant faces trial on July 17, 2023 on charges of conspiring to manufacture and distribute methamphetamine for importation into the United States, conspiring to distribute listed methamphetamine precursor chemicals, and conspiring to launder monetary instruments. Defendant has moved pre-trial to suppress the results of search warrants issued for two Yahoo email accounts, prochemie.newyork@yahoo.com ("Pro Chemie Account") and javijavi43@yahoo.com ("Algredo Vazquez Account"), which are associated with bank accounts for defendant's company Pro Chemie and for defendant, respectively.  Def.'s Mot. to Suppress Result of Search Warrants ("Def.'s Mot.") at 1, ECF No. 49; *see also* Gov't's Opp'n to Def.'s Mot. Suppress Result of Search Warrants ("Gov't's Opp'n") at 10, ECF No. 58.  Defendant contends that suppression is required because the search warrants were: (1) insufficiently supported by evidence, (2) insufficiently particularized, and (3) issued on the basis of affidavits that omitted the fact that the chemicals imported by defendant's company have licit—not just illicit—purposes.  Def.'s Mot. at 1.  These challenges to the search warrants fail.

**I.    DISCUSSION**

First, as a threshold matter, defendant mistakes the standard of evidence that the magistrate judge applied in issuing the warrants pursuant to the Stored Communications Act.

Both warrants, filed under seal as Exhibit 1 ("July 8, 2021 Search Warrant & Affidavit") and Exhibit 2 ("July 16, 2021 Search Warrant & Affidavit") to defendant's motion, ECF Nos. 52–53, were issued by the magistrate judge pursuant to 18 U.S.C. § § 2703(a), (b)(1)(A) and (c)(1)(A), which incorporate FED. R. CRIM. P. 41(d)'s requirement that there be a judicial finding of probable cause based on sworn testimony or an affidavit.  *See In re Search of Information Associated with [redacted]@gmail.com*, Case No. 16-mj-757 (BAH), 2017 WL 3445634, at *6–8 (D.D.C. July 31, 2017) (describing the "sliding scale of protections" within the statutory framework of the SCA).  Defendant's citation to the lower standard for orders issued, pursuant to 18 U.S.C. § 2703(d), is thus irrelevant here, *see* Def.'s Mot. at 4–6, but, regardless, defendant's argument is construed to be the same under the proper standard, namely, that the government's sworn affidavits in support of the search warrants were insufficient to demonstrate probable cause.

A showing of probable cause "is not a high bar," *District of Columbia v. Wesby,* 138 S. Ct. 577, 586 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)), and, in the context of a search warrant, requires only a "fair probability that . . . evidence of a crime will be found in a particular place," *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  The task of a district court reviewing a magistrate judge's determination that a warrant is supported by probable cause "is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed."  *Id.* at 238–39 (alteration and omission in original) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).  While courts must "conscientiously review the sufficiency of affidavits on which warrants are issued," *id.* at 239, the affidavits are entitled to "a presumption of validity," *Franks v. Delaware*, 438 U.S. 154, 171 (1978), and the magistrate judge's "initial determination of probable cause" is entitled to "'great deference,'" *United States v. Griffith*, 867 F.3d 1265, 1271 (D.C. Cir. 2017) (quoting *Gates*, 462 U.S. at 236).

At odds with defendant's description of himself as merely a long-term hotel maintenance engineer, *see* Def.'s Sealed Renewed Motion for Pretrial Release at 6, ECF No. 56, the government provided the magistrate judge with compelling evidence—based on both reliable witnesses and a paper trail including bank account documents, bills of lading, invoices, and insurance policies—that defendant has organized at least two shipments of tonnage quantities of methamphetamine precursor chemicals and ordered millions of dollars of supplies from chemical companies located in China and India.  Gov't Opp'n at 5–6, 9–10; *see generally* July 8, 2021 Search Warrant & Affidavit; July 16, 2021 Search Warrant & Affidavit.  The sworn affidavits supporting both search warrant applications relayed the statements of two human sources indicating that defendant agreed to sell them methamphetamine precursor chemicals and discussed routes to transport the finished methamphetamine into the United States.  One source, "Cooperating Witness 1," stated that he purchased methamphetamine precursor chemicals from defendant from approximately 2013 or 2014 until 2016, and in exchange, the cooperating witness occasionally paid defendant with methamphetamine.  Gov't Opp'n at 3; *see also* July 8, 2021 Search Warrant & Affidavit at 6.  The second source, "Confidential Source 1," stated that, in December 2014, defendant offered to provide the source with free methamphetamine precursor chemicals if the source agreed to run a methamphetamine laboratory located on defendant's property in Jalisco, Mexico, and to provide defendant with finished methamphetamine. Gov't Opp'n at 4; *see also* July 8, 2021 Search Warrant & Affidavit at 7.

Shipping and financial records referenced in the search warrant applications support the sources' statements that defendant trafficked in massive amounts of methamphetamine precursor chemicals.  Defendant is the registered agent of Pro Chemie, which company was listed as a "notify party" or buyer and shipper for at least two shipments of such methamphetamine precursors totaling more than 55 tons of chemicals, Gov't Opp'n at 4–5.  Additionally, financial

3

analysis of Pro Chemie's Bank of America account revealed that, between January 2018 to March 2021, more than $8.6 million was withdrawn from the account—mostly in the form of international wire transfers to chemical companies in China and India, *id.* at 5.

The search warrant applications also provided the issuing magistrate judge with "a 'substantial basis' for concluding that 'a search would uncover evidence of wrongdoing'" by demonstrating "'a nexus [exists] . . . between the item to be seized and criminal behavior.'" *Griffith*, 867 F.3d at 1271 (omission in original) (first quoting *Gates*, 462 U.S. at 236; and then quoting *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967)).  As to the Pro Chemie Account, which the magistrate judge authorized to be searched on July 8, 2021, that email address was included as the contact information in a document listing Pro Chemie as the buyer and shipper of more than 30 tons of the precursor chemical sodium gluconate.  Gov't's Opp'n at 5, 10.  The second search warrant, issued on July 16, 2021 for the contents of the Algredo Vazquez Account, relied on further evidence linking that account to the Pro Chemie Account—specifically, the Algredo Vazquez Account was listed in Yahoo's records as the recovery address for the Pro Chemie Account.  *Id.* at 7, 11.  Consequently, both affidavits alleged sufficient evidence that a crime—conspiracy to manufacture and distribute methamphetamine—was committed, and that there was a "fair probability" that evidence of that crime would be found in those email accounts.  *United States v. Thorne*, 548 F. Supp. 3d 70, 93 (D.D.C. 2021) (quoting *Gates*, 462 U.S. at 238).

Defendant attacks the warrants' sufficiency in two ways, arguing that (1) no cooperating witness "ever stated that they communicated by email with the defendant," and (2) the affidavits did not establish reason to believe that the contents of either account "would reveal anything more than emails concerning the lawful purchase and importation of chemicals that have legitimate uses."  Def.'s Mot. at 5–6; Def.'s Reply at 1–2, ECF No. 68.  Both arguments reflect

overly blinkered readings of the sworn affidavits.  The cooperating witnesses' statements that defendant agreed to supply them with chemicals for the specific purpose of manufacturing methamphetamine, *combined with* paper trail evidence indicating that defendant used email correspondence to coordinate such shipments, fit together to provide the issuing magistrate judge with substantial probable cause to conclude that the email accounts used to organize those shipments would contain evidence relevant to a criminal conspiracy to manufacture and distribute methamphetamine in the United States.  No more is required.

Defendant's next argument, that the search warrants were insufficiently particularized because they "were not limited to any time frame . . . user or sender . . . [or] subject matter," Def.'s Mot. at 7; *see also* Def.'s Reply at 2–3, fails on the facts and the law.  Contrary to defendant's description of the warrants, both included limitations on the information disclosed to the government.  The warrants only authorized disclosure to the government of emails from January 1, 2018 to the date of the warrants' issuance, *see* July 8, 2021 Search Warrant & Affidavit at 19 and July 16, 2021 Search Warrant & Affidavit at 19, and then limited the "[i]nformation to be seized by the government" by subject matter—specifically, to information that constituted fruits, evidence, and instrumentalities of the crimes under investigation, *see* July 8, 2021 Search Warrant & Affidavit at 21 and July 16, 2021 Search Warrant & Affidavit at 21; *see also* Gov't's Opp'n at 12.  The fact that the warrants authorized a broad search of the email accounts, then the seizure of only information specified in the Attachments B, is entirely typical and permissible under the Fourth Amendment.  *See Matter of Search of Information Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 164–66 (D.D.C. 2014) (approving a similar search warrant in which an email account was searched, with the items to be seized limited by specifications in an attachment); *Matter of Search of Information that is Stored at Premises Controlled by Google LLC*, 579 F. Supp. 3d 62, 80–82 (D.D.C. 2021) (limiting seizure to

information constituting evidence of crimes under investigation is "constitutionally permissible").  Nor is a "taint team," Def.'s Mot. at 7, necessary here to ensure the reasonableness of the warrant's execution.

The cases cited by defendant in support of his particularity argument are unhelpful to his argument.  Defendant quotes *Matter of Search of Information Associated with [redacted]@mac.com*, 25 F. Supp. 3d 1 (D.D.C. 2014), but this magistrate judge's opinion was effectively vacated by *Matter of Search of Information Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157 (D.D.C. 2014), which held that a warrant application could permissibly authorize the "search[]" of an entire email account, then only the "seiz[ure]" of particular information, *id.* at 164.  Additionally, *Matter of Search of Information Associated with Four Redacted Gmail Accounts*, 371 F. Supp. 3d 843 (D. Ore. 2018), also relied upon by defendant, actually supports the constitutionality of the warrants at issue.  That court noted that the Ninth Circuit has "upheld the constitutionality of 'seize first, search second' warrants," but deemed overbroad a warrant application in which the emails disclosed to the government were not limited to the probable cause time period.  *Id.* at 844–45 (quoting *United States v. Flores*, 802 F.3d 1028, 1044–45 (9th Cir. 2015)).  In both challenged warrants here, by contrast, only emails associated with the accounts from January 1, 2018 until the date of the warrants' issuance were authorized to be disclosed to the government.  *See* July 8, 2021 Search Warrant & Affidavit at 19; July 16, 2021 Search Warrant & Affidavit at 19.

Finally, defendant criticized the warrant applications for omitting that the chemicals imported by defendant can be used for legitimate purposes other than methamphetamine manufacturing, even while explicitly disclaiming any request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).  Def.'s Mot. at 1 & n.1.  This criticism is best understood as an argument that the alternative possible uses for the chemicals undermined the magistrate judge's

probable cause determination, but even so understood, this argument is unavailing because the sworn affidavits alleged sufficient evidence—as already discussed—demonstrating that the chemicals were not destined for such legitimate uses.

In short, both warrants at issue provided probable cause to search the identified email accounts, and the warrants were sufficiently particular.  The government's supplemental argument that the fruits of the search warrants are admissible pursuant to the good faith exception to the exclusionary rule, therefore need not be addressed.  *See* Gov't's Opp'n at 16–17 (citing *United States v. Leon*, 468 U.S. 897 (1984)).

## II.    ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion to Suppress Result of Search Warrants, ECF No. 49, is **DENIED**.

**SO ORDERED.**

Date: June 27, 2023

                                        _____
BERYL A. HOWELL
U.S. District Judge