UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 21-597 (BAH) |
| | ) | |
| v. | ) | |
| | ) | |
| JAVIER ALGREDO VAZQUEZ, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRETRIAL STATEMENT**

The United States and defendant Javier Algredo Vazquez, through undersigned counsel, respectfully submit this Joint Pretrial Statement as required by the Court's Standing Order in Criminal Cases.  *See* Dkt. No. 16 ("Standing Order").

**I.      Written Statements Regarding Plea Communications**

Pursuant to paragraph 10(a) of the Court's Standing Order, the government's statement regarding the terms of its plea offer to the defendant are set forth in Exhibit 1 hereto.

**II.     Joint Statement of the Case**

Pursuant to paragraph 10(b) of the Standing Order, the government proposes the following statement of the case to be read to prospective jurors:

> The defendant is charged by indictment with one count of conspiracy to distribute five hundred grams or more of methamphetamine, intending, knowing, and having reasonable cause to believe that the methamphetamine would be unlawfully imported into the United States; one count of conspiracy to distribute a listed chemical for the manufacture of methamphetamine that would be unlawfully imported into the United States; and one count of international promotional money laundering conspiracy.  In this case, the government alleges that the defendant, Javier Algredo Vazquez, and his brother owned and operated chemical companies that they used to purchase chemicals and import the chemicals into Mexico. The government further alleges that the defendant and his brother sold the chemicals to methamphetamine manufacturers in Mexico knowing that the methamphetamine would be imported into the United States.  The government also alleges that the defendant used U.S. bank accounts to send

and receive payments for the chemicals to promote the methamphetamine and chemical-distribution conspiracies.

The defense proposes the following statement of the case to be read to prospective jurors:

> Javier Algredo Vazquez is innocent of the charges against him.  He did not conspire with anyone to import chemicals to make methamphetamine; he did not conspire to import methamphetamine into the United States and he was not involved in money laundering either in or out of the United States. The Defendant will prove that he was a legitimate businessman and that the government's evidence will fail to establish his guilt on any of the charges.

### III.    Proposed *Voir Dire* Questions

Proposed *voir dire* questions are set forth in Exhibit 2 hereto, which notes both the questions on which the parties agree as well as the questions on which the parties disagree.

### IV.    Proposed Jury Instructions

Proposed jury instructions are set forth in Exhibit 3 hereto, which indicates the instructions on which the parties disagree as well as differing proposals and citations to appropriate authority in the event of disagreement.

### V.    Expert Witnesses

Pursuant to paragraph 10(e) of the Court's Standing Order, the g submits this list of expert witnesses.  A brief description of each witness's area of expertise and expected testimony can be found in the government's Notice of Intent to Call Expert Witnesses at Trial, *see* Dkt. No. 69 and 78.

1.    DEA Senior Research Chemist Joseph Stanley Bozenko, Jr.

2.    DOJ Linguist Judi O'Brien

3.    DEA Senior Forensic Chemist Dean A. Kirby

4.    DEA Senior Forensic Chemist Rochelle A. Hranac

2

5.      DEA Senior Forensic Chemist Fracia S. Martinez

## VI.    Motions *in Limine*

Pursuant to paragraph 10(f) of the Court's Standing Order, the government submits this list of motions in limine.

On June 16, 2023, the government filed a motion in limine to preclude improper use of hearsay statements (Dkt. No. 70); and a motion in limine to introduce and authenticate evidence (Dkt. No. 71).  Within the government's motion in limine to introduce and authenticate evidence, the government sought to introduce: 1) shipping documents related to chemicals known to be used to produce synthetic drugs, including methamphetamine, purchased during the charged conspiracy; and 2) evidence of uncharged crimes, including the seizure of chemicals after indictment and evidence of the distribution of chemicals used to manufacture fentanyl, phenylcyclohexyl piperidine (PCP), and cocaine by the defendant and his coconspirators.  The government also sought to authenticate electronic mail evidence using certifications of custodians of record pursuant to FRE 902(13).

## VII.   Prior Convictions

The government does not anticipate offering any prior convictions in evidence.

## VIII.  Government's Exhibit List

A list of exhibits that the government expects to offer at trial is attached hereto as Exhibit 4.

## IX.    Stipulations

The parties have not agreed to any stipulations.

**X.     Proposed Verdict Form**

A proposed verdict form is set forth in Exhibit 5 hereto, which indicates any disagreements between the parties.

Respectfully submitted this 30 day of July, 2023.

| | |
|---|---|
| Law Office of Sandi S. Rhee | Marlon Cobar, Acting Chief |
| | Narcotic and Dangerous Drug Section |
| /s/ | Criminal Division |
| Sandi S. Rhee, Esq. | U.S. Department of Justice |
| Law Office of Sandi S. Rhee | |
| 228 S. Washington Street | /s/ Kate Naseef |
| Suite 300 | Kate Naseef |
| Alexandria, VA 22314 | Nhan Nguyen |
| (202) 285-8366 | Trial Attorneys |
| sandirheelaw@gmail.com | Kaitlin Sahni |
| | Acting Assistant Deputy Chief |
| | Narcotic and Dangerous Drug Section |
| | Criminal Division |
| | U.S. Department of Justice |
| | 145 N Street NE, 2nd Floor East |
| | Washington, D.C. 20530 |
| | (202) 794-4953 |
| | Kate.Naseef@usdoj.gov |

# EXHIBIT 1

Pursuant to paragraph 10(a)(i) of the Court's Standing Order, *see* Dkt. No. 16, the government submits this summary of a plea offer made to the defendant.

On April 11, 2023, the government communicated a written plea offer to the defendant's counsel, proposing that the defendant would: 1) plead guilty to the Indictment and execute a mutually agreeable Statement of Facts covering the offense conduct; 2) agree that a Base Offense Level of 38 applies at sentencing pursuant to U.S. Sentencing Guideline ("U.S.S.G.") § 2D1.1 (45 kilograms or more of methamphetamine); 3) agree that his conduct warrants a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(5) (importation of methamphetamine), as well as a two-level increase pursuant to U.S.S.G. § 2S1.1(b)(2)(B) (conviction under 18 U.S.C. § 1956); 4) agree that his conduct warrants a two-level increase for his role as an organizer or leader of criminal activity involving five or more participants pursuant to U.S.S.G. § 3B1.1(c); 5) agree not to seek any additional Guidelines departure at sentencing other than the departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b); 6) agree that his Criminal History Category is I; and 7) waive appellate and collateral attack claims and rights to the extent and in the format permitted by law, except as set forth below.

In return, the government proposed that it would: 1) agree not to seek any sentencing enhancements other than as set forth above, for an offense level of 44 prior to application of the departure for acceptance of responsibility set forth below; 2) agree that the defendant's plea demonstrates acceptance of responsibility for his offense consistent with U.S.S.G. § 3E1.1(a) and (b), and therefore merits a three-level decrease at sentencing, for a final offense level of 41 (324-405 months); 3) agree to recommend, in its sentencing submission to the Court, the bottom of the Guidelines range and to recommend a sentence of 324 months; 4) agree that, although the plea

6

agreement will waive appellate and collateral attack claims, the defendant will be permitted to appeal a sentence that exceeds the maximum permitted by statute, or results from an upward departure from the Guidelines range established by the Court at sentencing, and that the defendant will retain the right to collaterally attack his plea and sentence pursuant to 28 U.S.C. § 2255 *if* the claim is based on newly discovered evidence or on a claim that he received ineffective assistance of counsel in connection with the plea agreement or sentencing; and 5) the defendant would be free to argue for a lower sentence under the 18 U.S.C. § 3553(a) factors.

The government's plea offer expired on April 25, 2023 and was not accepted.

Pursuant to Paragraph 10(a) of this Court's standing order, the defense submits that the government's written plea offer was communicated to the defendant Javier Algredo on April 14, 2023. In addition, government and defense counsel subsequently had informal discussions as to a possible non-trial resolution of this case. Undersigned counsel discussed these matters as well during  legal visits with the defendant on June 18 and June 24, 2023.  After a thorough review of all the terms of the plea agreement, the sentencing guidelines and all the other relevant considerations, the defendant rejected the government's plea offer.

# EXHIBIT 2

**PROPOSED VOIR DIRE QUESTIONS**

*Unless otherwise noted in a footnote, the parties agree on the following voir dire statement and questions*:

The process of jury selection is called the *voir dire* process, and its object is to select twelve (12) jurors and three (3) alternates who have no prior knowledge concerning this case and no bias toward either side in this case. In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.

[ADDITIONAL INSTRUCTIONS FROM THE COURT ABOUT THE VOIR DIRE PROCESS]

*Voir Dire* Questions

1. From what I have told you so far, have you heard or read about this matter before coming to court or do you believe you know anything about the facts and circumstances of the case?

2. The United States is represented in this case by Department of Justice Trial Attorneys Kate Naseef and Nhan Nguyen and Acting Assistant Deputy Chief Kaitlin Sahni. PLEASE STAND. Do you know any of these attorneys? Also present for the government are Paralegal Kasey Ridings and DEA Special Agent Kevin Novick. PLEASE STAND.  Do you know either of these individuals?

3. The defendant at trial is Javier Algredo Vazquez. PLEASE STAND. Do you know the defendant or have you had any contact with him?

4. Javier Algredo Vazquez is represented in this case by Sandi Rhee from the Law Office of Sandi S. Rhee. PLEASE STAND. Do you know this individual, either personally or professionally, or have any affiliation with the Law Office of Sandi S. Rhee?

5. You may hear testimony from or about a number of people during the course of this trial. The government may call the following witnesses: [LIST WITNESSES]. Do you know any of these potential witnesses?

6. Mr. Vazquez may or may not call some or all of the following witnesses: [LIST WITNESSES]. Do you know any of these potential witnesses?

7. The following companies and organizations may be mentioned during this case: MB Barter & Trading Mexico SA DE CV and Pro Chemie New York Inc. Are any of you familiar with, or have any connection to, the companies and organizations whose names I have read?

8. Do you have any prior knowledge about the Mexican drug trafficking organization know as the Cartel Jalisco Nueva Generacion or CJNG? If so, what do you recall about the CJNG and what are your views or feelings about the CJNG?

9. Has any member of the jury visited Mexico in the last five years? Was there anything about that experience that might make it hard for you to be fair and impartial in this case?

10. You have heard about the charges in this case, which involve the conspiracy to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, knowing or intending such substance would be imported into the United States; the conspiracy to distribute a List I chemical, that is methylamine, knowing or intending such substance would be imported into the United States; and the conspiracy to commit international promotional money laundering. Does anyone have such strong feelings about these charges that it would be difficult for them to be fair and impartial?

10

11. Do you know or do you recognize any other member of the prospective jury panel?

12. Do you know anyone else who is in the courtroom today, such as any of the courtroom clerks, the interpreters, the courtroom reporter, or me, the Judge?

13. The lawyers predict that the presentation of evidence in this trial should last approximately three weeks, and I think this is a fair estimate, but it could run shorter or longer. The jury will sit Monday through Friday from [TBD] AM to [TBD] PM for as long as it takes to hear the evidence in the case. The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself. Do you have an urgent or extremely important matter to attend to, such that you could be faced with a hardship if selected for the jury in this case?

14. Do you have any vision or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case or to give your full attention to the case?

15. Does anyone, due to health problems, or medication or the like, that affects your thinking, attention, concentration, or any other reason that might otherwise affect your ability to understand the evidence in this case and serve as a juror?

16. Do you have any other health problems which would interfere with your ability to sit as a juror in this case?

17. Do you have any difficulty in reading, speaking, or understanding the English language?

18. Do you have any moral, religious, or ethical beliefs that would prevent you from sitting in judgment of another person?

19. Do you have any personal, cultural, or religious bias that would prevent you from treating the testimony of all individuals equally and fairly?

20. Have you ever served as a juror in a criminal trial or on a grand jury? If so, please provide details. Were you the foreperson? Did the jury reach a verdict? In the event that you served on a grand jury, did the grand jury ever refuse to indict?[1]

21. Have you ever served as a juror in a civil trial? If so, were you the foreperson? Did the civil jury that you served on render a verdict?[2]

22. If you have previously been a juror in a civil or criminal trial, was there anything about your experience that might affect your ability to serve fairly and impartially in this case?

    [22 a. If you were ever a juror in a civil or criminal case, did you speak with any of the attorneys or witnesses or anyone else involved in the case after it was over?][3]

23. Have you, any members of your family, or any close friends ever studied law, had any legal training, or been employed by a lawyer or a law firm, worked in a courthouse, been a paralegal, served as a legal secretary, or performed legal investigative work?

---

[1] The defense objects to the last sentence.
[2] The defense requests adding the following language to this question: The burden of proof is different in a civil case, than it is in a criminal case.  The burden of proof in a civil case is a preponderance of the evidence but the burden of proof on the government in a criminal case is beyond a reasonable doubt.
[3] The government objects to this question.

12

24. Have you, any members of your family, or any close friends ever been employed by a local, state, or federal law enforcement agency or a private security company, or ever applied for such employment? For example, this includes work at a police department, FBI, sheriff's department, Department of Justice, Drug Enforcement Administration, Marshals Service, Department of Homeland Security, U.S. Customs and Border Patrol, or the like.

25. Have you, any members of your family, or any close friends ever been employed by a correctional facility, such as the District of Columbia Department of Corrections?

26. Have you, any members of your family, or any of your close friends worked for a defense attorney or defender organization, or been involved in any way in the defense of a criminal case?

27. Have you, any members of your family, or your close friends ever worked for an office that prosecutes people charged with criminal offenses?  This would include, for example, the United States Attorney's Office, a State's Attorney's or District Attorney's Office, or the Department of Justice.

28. Do you or a close friend or family member belong to any group or organization that is active in law enforcement or crime victim prevention matters? I will give you some examples: Fraternal Order of Police, Crime Watch, Crime Stoppers, or crime victim groups?

29. Have you, any members of your family, or any close personal friends ever filed a complaint against a police officer or anyone in law enforcement?

30. Is there anyone who has such strong opinions about either prosecutors or defense attorneys that you would be unable to be fair and impartial to both sides of the case?

31. Have you, any members of your family, or any close personal friends had any experiences with any law enforcement agency or the government that might cause you to have strong feelings about the government or law enforcement?

32. Is there any reason you would not be able to follow my instruction that you are not to give any greater or lesser weight to the testimony of a witness merely because he or she is a government or law enforcement officer?

33. Have you, any members of your family, or any close personal friends ever been arrested or convicted of a crime, been a victim of a crime, been a witness to a crime, testified in court or before a grand jury as a witness to a crime, or been required to appear in court for any reason?

34. The defendant is charged in an indictment. An indictment is just the formal way of informing a defendant of the nature of the charges against him – it is not any indication of guilt. In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him throughout the trial, unless and until he is proven guilty beyond a reasonable doubt. The burden of proving the defendant guilty beyond a reasonable doubt rests with the government – the prosecution – and the burden never shifts during the course of a trial; a defendant need not prove his innocence, produce any evidence, or testify. A defendant who wants to testify, however, is a competent witness, and the defendant's testimony is to be judged in the same way as that of any other witness.  Is there anyone

14

who feels that he or she will be unable to follow those principles of law if selected as a juror in this trial?  Is there anyone who would hold the government to proof beyond all doubt before finding a defendant guilty?[4]

35. The defendant is charged with acting with others.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that those other individuals are not here to stand trial. You also may not speculate as to the reasons why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

36. You may see evidence obtained by the Government of Mexico.  Do you have any bias or concerns relating to the Government of Mexico that might make it difficult for you to fairly evaluate that evidence?

37. This case involves events and people relating to Mexico.  Do you have any particular opinions or beliefs regarding people from Mexico that make might make it difficult for you to be a fair and impartial juror in this case?

38. Have you, any members of your family, or any close friends ever had any problems or received treatment or counseling for abuse of alcohol, prescription drugs, or illegal drugs? Is there anything about this experience that would make it difficult for you to be fair and impartial in a case involving narcotics?

---

[4] The defense objects to the last sentence of this instruction.

39. Have any of you or have you had a close friend or family member who has been seriously affected by drug use or drug distribution?  Is there anything about this experience that would make it difficult for you to be fair and impartial in a case involving narcotics?

40. Do you have any training or specialized knowledge in the field of chemistry?

41. Do any of you have such strong feelings about any particular controlled substance, the laws and penalties associated with controlled substances, enforcement of the drug laws in general, or the legalization of drug use in the United States in particular that you could not serve as a fair and impartial juror in this case?

42. Do any of you now belong, or have you within the past five years belonged to or participated in any groups that support the reform of current drug laws, including the repeal of drug laws, or any organization that seeks to decrease the punishment of sentences of people convicted of drug related crimes?

43. Does any member of the jury believe that transactions in cash necessarily involve some illegal activity?

44. Other than what you have already explained, have you, a family member or a close friend ever been interviewed or asked to make a statement by the FBI, IRS, DEA, MPD, CBP, or any other law enforcement agency?  If so, is there anything about that fact that would prevent you from being a fair and impartial juror in this case?

45. Have you ever read any books or watched any movies or television shows about drug trafficking in Latin America, such as Narcos (on Netflix), Scarface, Sicario, Killing Pablo, and Traffic, to name a few?  Or have any members of the panel read any books, whether

fiction or non-fiction about drug trafficking, or any articles about the topic in daily newspapers, magazines, or online?  Can you set aside any information you may have learned from watching or reading sources like these, and judge the case based on the evidence and the law as I give it to you?

46. What newspapers, periodicals, or television or news stations do you regularly read or listen to?[5]

47. You may also hear that someone involved in the trial may have been previously convicted of a felony offense.  Would that knowledge make it difficult for you to be fair to that individual?[6]

48. During this trial, you may also hear testimony from one or more cooperating witnesses, who pleaded guilty to illegal activity but are now cooperating with the government in hopes of receiving a reduced sentence. You will be provided with instructions about assessing the credibility of any witness, including this type of witness, and after you have heard and observed the witness, it will be up to you to give the testimony the weight it deserves in your judgment.  Is there anyone who believes that they would not be able to follow the Court's instructions with respect to how to evaluate the testimony of witnesses like these and follow the law as I give it to you regarding cooperating witnesses?

49. During this trial, you may hear testimony regarding emails or other electronic communications obtained by the government via search warrant.  I will instruct you fully

---

[5] The government objects to this question.  It is the content of news and not its source that would be relevant to determining if a potential juror can fairly and impartially serve as a juror.
[6] The defense proposes replacing the second question with: I will instruct you at the end of the trial how to evaluate the testimony of a witness with a prior felony conviction. Is there anyone who believes that they would be unable to follow such an instruction?

at the end of the trial, but it will be up to you to give this evidence the weight it deserves in your judgment.  Is there anyone who believes they would not be able to follow the Court's instructions or have difficulties considering this evidence due to your own beliefs regarding the government's lawful use of search warrants to obtain electronic communications?

50. Your function as a juror is to decide questions of fact.  However, the Court will instruct you in the law to be applied in this case.  You are bound by those instructions and cannot substitute your own notions of what you think the law is or should be. Is there anyone who does not understand this principle?  Could everyone follow the law as instructed by the Court even if you disagreed with it?

51. Other than civic duty, is there any other reason that you would want to serve as a juror (or as foreperson of the jury) in this case?

52. You will not be allowed to discuss this case with fellow jurors until all the evidence is presented to you and the jury begins its deliberations. You will not be allowed to discuss this case or write or blog or communicate about it electronically to anyone, including family members, close friends, or employers, until you have been discharged as jurors. You are not allowed to conduct independent investigation or research on the Internet or elsewhere during trial. Is there anyone who thinks it would be difficult or they would be unable to follow these instructions?

53. Do all of you understand that the issue of punishment is to be decided solely by the Court and should not be considered by you in any way in arriving at your verdict?  Do any of you

feel that you would be unable to remove the consideration of punishment from your deliberations?[7]

54. Do you know of any reason, or has anything occurred to you during this questioning, that might in any way prevent you from following my instructions on the law and being completely fair and impartial as a juror in this case?

55. The trial is to be conducted in English, although it is anticipated that a significant amount of the evidence will be presented in Spanish and will be translated into English for your understanding. Is there anyone here who speaks, writes, or reads Spanish?

56. The evidence you are to consider is only provided in English, either through the official court interpreter when a witness testifies in a foreign language, or as presented in translated exhibits. Although some of you may know Spanish, you must not rely on your own interpretation – you will be required to accept the English interpretation and consider only the English portion of the written translations. Would any of you have any difficulty adhering to this instruction?

---

[7] The defense objects to the second sentence and proposes replacing it with: I will instruct you with respect to this issue at the end of the trial.  Is there anyone who believes that they will not be able to follow such instruction?

# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 21-597 (BAH) |
| | ) | |
| v. | ) | |
| | ) | |
| JAVIER ALGREDO VAZQUEZ, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED JURY INSTRUCTIONS**

The parties respectfully submit this set of proposed jury instructions.  Pursuant to the Court's Standing Order in Criminal Cases, *see* Dkt. No. 16, this proposed set of instructions sets each proposed instruction on a new page and indicates any objections or disagreement by the parties.  Where the specific objection or disagreement listed requires a substantial edit or change in wording that the objecting party is proposing and cannot be easily captured in the written objection alone, the parties have included herein a separate, competing instruction.

The first part of this set of proposed jury instructions consists of standard instructions on which the parties largely agree (*i.e.* common jury instructions largely taken from the "Red Book"), with objections noted.  The second part consists of substantive offense instructions, and with respect to which the parties have some disagreement.  The parties reserve the right to propose other instructions as may become appropriate during the course of the trial.

21

**Part I: Standard Instructions**

The parties request that the Court charge the jury in accordance with the *Criminal Jury Instructions for the District of Columbia* (the "Red Book") or otherwise in its usual manner on the subjects listed below.  Although taken from the Red Book when possible, these instructions are reproduced in pertinent part in this set of proposed instructions.  Any objections are noted in the attached reproduction of the instructions.

(1) Preliminary Instructions and Instructions During Trial (Red Book 1.101, 1.102, 1.103, 1.104, 1.105, 1.106, 1.107, 1.108, 1.110, 1.201 (if applicable), 1.202, 1.204 (if applicable))[8]

(2) Function of the Court and the Jury (Red Book 2.101, 2.102)

(3) Jury's Recollection (Red Book 2.103)

(4) Evidence by Judicial Notice and Stipulation (Red Book 2.104)

(5) Nature of Charges Not to Be Considered (Red Book 2.110)

(6) Statements of Counsel (Red Book 2.105)

(7) Presumption of Innocence (Red Book 2.107)

(8) Burden of Proof and Reasonable Doubt (Red Book 2.108)

(9) Function of Indictment and What is Not Evidence (Red Book 2.106)

(10)   Number of Witnesses (Red Book 2.111)

(11)   Inadmissible and Stricken Evidence (Red Book 2.112)

(12)   Circumstantial Evidence and Direct Evidence (Red Book 2.109)

(13)   Credibility of Witnesses (Red Book 2.200)

(14)   Witness With A Plea Agreement (Red Book 2.203) (if applicable)

---

[8] Because preliminary instructions and instructions during trial tend to vary among judges, the parties have not reproduced them here and defer to the Court for their specific wording.

22

(15)    Informer's Testimony (Red Book 2.205) (if applicable)

(16)    Police Officer's Testimony (Red Book 2.207)

(17)    Right of Defendant Not To Testify (Red Book 2.208) (if applicable)

(18)    Defendant as Witness (Red Book 2.209) (if applicable)

(19)    Effect of Refusal of Witness to Answer Question (Red Book 2.211) (if applicable)

(20)    Expert Testimony (if applicable) (Red Book 2.215)

(21)    Evaluation of Prior Inconsistent Statement of a Witness (Red Book 2.216)

(22)    Impeachment by Proof of Conviction of a Crime-Witness (Red Book 2.218)(if applicable)

(23)    Impeachment by Proof of Pending Case, Probation or Parole-Witness (Red Book 2.219)(if applicable)

(24)    Statement of the Defendant-Substantive Evidence (Red Book 2.305)

(25)    Transcripts of Tape Recordings (Red Book 2.310)[9]

(26)    Translation of Foreign Language Documents (Red Book 2.311)

(27)    Multiple Counts (Red Book 2.402)

(28)    Proof of State of Mind (Red Book 3.101)

(29)    Proof of "On or About" Dates (Red Book 3.103)

(30)    Furnishing the Jury with a Copy of the Instructions (Red Book 2.100)

(31)    Unanimity (Red Book 2.405, 2.406)[10]

(32)    Verdict Form Explanation (Red Book 2.407)

(33)    Instructions as to Deliberation (Red Book 2.500)

(34)    Instructions as to Deliberation (Red Book  2.501)

---

[9] The government objects to this instruction.  The tape recordings in this case are in Spanish, and the English language translation controls.

[10] The defense objects to this instruction.

(35)   Instructions as to Deliberation (Red Book 2.502)

(36)   Instructions as to Deliberation (Red Book 2.505)

(37)   Instructions as to Deliberation (Red Book 2.507)

(38)   Instructions as to Deliberation (Red Book 2.508)

(39)   Instructions as to Deliberation (Red Book 2.509)

(40)   Instructions as to Deliberation (Red Book 2.510)

(41)   Excusing Alternate Jurors (Red Book 2.511)[11]

---

[11] The defense reserves the right to propose additional instructions based on the evidence adduced at the trial.

**Proposed Instruction No. 1**

**Preliminary Instructions and Instructions During Trial**

Because preliminary instructions and instructions during trial tend to vary among judges, the parties have not reproduced them here and defer to the Court for their specific wording.

*Source: Red Book 1.101, 1.102, 1.103, 1.104, 1.105, 1.106, 1.107, 1.108, 1.110, 1.201 (if applicable), 1.202, 1.204 (if applicable)*

**Proposed Instruction No. 2**

**Function of the Court and the Jury**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

*Source: Red Book 2.101, 2.102*

**Proposed Instruction No. 3**

**Jury's Recollection**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

*Source: Red Book 2.103*

**Proposed Instruction No. 4**

**Evidence by Judicial Notice and Stipulation**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, [*if applicable:* the facts of which I took judicial notice], [*if applicable*: and the facts and testimony stipulated to by the parties].

[*If applicable:* I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so] regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.]]

[*If applicable*:  During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.]

[*If applicable:* During the trial, you were told that the parties had stipulated—that is, agreed—to what testimony [name of witness] would have given if s/he had testified in this case. You should consider this stipulated testimony to be exactly what s/he would have said had s/he testified here.]

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

*Source: Red Book 2.104*

**Proposed Instruction No. 5**

**Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

*Source: Red Book 2.110*

**Proposed Instruction No. 6**

**Statements of Counsel Not Evidence**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

*Source: Red Book 2.105*

**Proposed Instruction No. 7**

**Presumption of Innocence**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Javier Algredo Vazquez to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Javier Algredo Vazquez is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Javier Algredo Vazquez not guilty of that offense.

*Source: Red Book 2.107*

**Proposed Instruction No. 8**

**Burden of Proof and Reasonable Doubt**

The government has the burden of proving Javier Algredo Vazquez guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

*Source: Red Book 2.108*

**Proposed Instruction No. 9**

**Function of the Indictment and What is Not Evidence**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Javier Algredo Vazquez's guilt or draw any inference of guilt from it.

*Source: Red Book 2.106*

**Proposed Instruction No. 10**

**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

*Source: Red Book 2.111*

**Proposed Instruction No. 11**

**Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the part s/he represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

*Source: Red Book 2.112*

## Proposed Instruction No. 12

## Circumstantial and Direct Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

*Source: Red Book 2.109*

36

## Proposed Instruction No. 13

### Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or he has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or himself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

*Source: Red Book 2.200*

**Proposed Instruction No. 14**

**Witness with a Plea Agreement**

You have heard evidence that [name of witness] entered into a plea agreement with the government pursuant to which [name of witness] agreed to testify truthfully in this case and the government agreed to [dismiss a charge against him/her] [and] [decline prosecution of a charge against him/her] [and] [bring [name of witness's] cooperation to the attention of his/her sentencing judge] [and] [consider filing papers with his/her judge which would permit that judge to impose a more lenient sentence than that judge might otherwise be able to impose].

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him/her to testify falsely against the defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

*Source: Red Book 2.203*

**Proposed Instruction No. 15**

**Informer's Testimony**

You have heard evidence that [name of witness] is an informer. S/he has an arrangement with the government [to help the government obtain introductions to persons suspected of violating the law] [and] [to help the government obtain information]. In exchange, s/he receives [a benefit in a pending case] [money] [and] [other personal benefit]. The use of such persons is a recognized means of detecting criminal conduct and the government is permitted to call such persons as witnesses.

However, when an informer testifies, his/her testimony should be considered with caution. You may consider whether the benefit this person receives from the government has motivated him/her to testify falsely against the defendant. You should give the testimony as much weight as in your judgment it deserves.

*Source: Red Book 2.205*

**Proposed Instruction No. 16**

**Law Enforcement Officer's Testimony**

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a law enforcement officer.

*Source: Red Book 2.207 (modified "police" to "law enforcement")*

**Proposed Instruction No. 17**

**Right of Defendant Not To Testify**

Every defendant in a criminal case has an absolute right not to testify. Javier Algredo Vazquez
has chosen to exercise this right. You must not hold this decision against him/her, and it would
be improper for you to speculate as to the reason or reasons for his decision. You must not
assume the defendant is guilty because he chose not to testify.

*Source: Red Book 2.208*

**Proposed Instruction No. 18**

**Defendant as Witness**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

*Source: Red Book 2.209*

**Proposed Instruction No. 19**

**Effect of Refusal of Witness to Answer Question**

The law requires every witness to answer all questions put to him/her, unless the court rules otherwise. In this case, [name of defendant] [name of witness] refused to answer a question after being instructed by the court to do so. You must not guess what [name of defendant] [name of witness] would have said if s/he had not refused to answer the question. However, in determining what weight to give the [defendant's] [witness's] other testimony, you may consider that the [name of defendant] [name of witness] refused to answer [a] [some] question[s].

*Source: Red Book 2.211*

## Proposed Instruction No. 20

## Expert Testimony

In this case, you heard the testimony of Joseph Stanley Bozenko who expressed opinions concerning the use of chemicals to produce and distribute drugs, clandestine drug laboratories, and the means and methods for producing methamphetamine and fentanyl.

You also heard the testimony of Judi O'Brien who expressed opinions concerning the translation of documents from Spanish to English and the transcription of audio files in Spanish and translation into English.

You also heard the testimony of Dean A. Kirby who expressed opinions concerning the examination and identification of chemical substances.

You also heard the testimony of Rochelle A. Hranac who expressed opinions concerning the examination and identification of chemical substances.

You also heard the testimony of Fracia S. Martinez who expressed opinions concerning the examination and identification of chemical substances.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

*Source: Red Book 2.215*

**Proposed Instruction No. 21**

**Evaluation of Prior Inconsistent Statement of a Witness**

The law treats prior inconsistent statements differently depending on the [nature of the statements and the] circumstances in which they were made. I will now explain how you should evaluate those statements.

**<u>PART A</u> (for use when prior statements not made under oath are introduced):**
You have heard evidence that [<u>name of witness</u>] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**<u>PART B</u> (for use when prior statements made under oath are introduced):**
You [also] have heard evidence that [<u>name of witness</u>] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

**<u>PART C</u> (for use when prior identification statements are used to impeach a witness):**
You [also] have heard evidence that [<u>name of witness</u>] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description]. It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it. If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [<u>name of witness</u>]. You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.

*Source: Red Book 2.216*

46

**Proposed Instruction No. 22**

**Impeachment by Proof of Conviction of a Crime-Witness**

You have heard evidence that [name of witness] has been convicted of a crime. You may consider this conviction only in evaluating the credibility of that witness's testimony in this case.

*Source: Red Book 2.218*

**Proposed Instruction No. 23**

**Impeachment by Proof of Pending Case, Probation or Parole-Witness**

You have heard evidence that [name of witness] is [on probation] [on parole] [on supervised release] [charged with a crime] [awaiting sentence] [under investigation]. You may consider this evidence when deciding whether the witness has a bias in favor of one of the parties that may affect his/her willingness to tell the truth.

*Source: Red Book 2.219*

**Proposed Instruction No. 24**

**Statement of the Defendant-Substantive Evidence**

You have heard evidence that Javier Algredo Vazquez made statements to law enforcement officers about the crime charged. You should consider all the circumstances, [including whether law enforcement recorded the statement], in deciding whether he made the statement. If you find that he did make the statement, you must decide how much weight to give the statement. For example, you may consider whether he made the statement voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all the conversations between him and the police. You may consider whether the police warned him of his rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendant; [and whether law enforcement officers recorded some or all of the conversations]. You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

*Source: Red Book 2.305 (modified "police" to "law enforcement")*

49

**Proposed Instruction No. 25**

**Transcripts of Tape Recordings**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

*Source: Red Book 2.310*

**Proposed Instruction No. 26**

**Translation of Foreign Language Documents**

[*The Government proposes that a version of this instruction also be given when the first translated document is introduced at trial.*]  In this trial, I admitted into evidence documents in the Spanish language along with English translations.

Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript.

If, however, you have a question as to the accuracy of the English translation, you should bring this matter to my attention immediately. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely only upon the official English translation and not on your own translation.

*Source: Red Book 2.311*

**Proposed Instruction No. 27**

**Multiple Counts**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

*Source: Red Book 2.402*

52

## Proposed Instruction No. 28

### Proof of State of Mind

Someone's willfulness or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's willfulness or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by Javier Algredo Vazquez, and all other facts and circumstances received in evidence which indicate his willfulness or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Javier Algredo Vazquez acted with the necessary state of mind.

*Source: Red Book 3.101 (modified to include "willfulness")*

**Proposed Instruction No. 29**

**Proof of "On or About" Dates**

The indictment charges that the offenses of conspiring to manufacture and distribute five hundred grams or more of methamphetamine for importation into the United States and conspiring to distribute a listed chemical for the manufacture or unlawful importation of a controlled substance were committed beginning "in or around" 2011, and that the offense of conspiring to launder monetary instruments was committed beginning "in or around" 2018. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

*Source: Red Book 3.103*

**Proposed Instruction No. 30**

**Providing Jury with Copy of Instructions**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

*Source: Red Book 2.100*

**Proposed Instruction No. 31**

**Unanimity**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

*Source: Red Book 2.405*

**Proposed Instruction No. 32**

**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

*Source: Red Book 2.407*

**Proposed Instruction No. 33**

**Instructions as to Deliberation: Redacted Exhibits**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as a document with some words or pictures blacked out or otherwise removed. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

*Source: Red Book 2.500*

**Proposed Instruction No. 34**

**Instructions as to Deliberation: Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

*Source: Red Book 2.501*

**Proposed Instruction No. 35**

**Instructions as to Deliberation: Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or his views about the evidence, and who will promote a full and fair consideration of that evidence.

*Source: Red Book 2.502*

**Proposed Instruction No. 36**

**Instructions as to Deliberation: Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

*Source: Red Book 2.505*

**Proposed Instruction No. 37**

**Instructions as to Deliberation: Witness's and Defendant's Use of Interpreter**

Javier Algredo Vazquez used the services of an interpreter in this trial. As I have previously instructed you, you should not be biased for or against Javier Algredo Vazquez for using an interpreter. Do not permit that fact to influence you in any way.

The fact that the court has provided an interpreter to Javier Algredo Vazquez does not mean that the court has made a ruling on the extent of his ability to speak or understand the English language. Use of an interpreter should not be considered evidence in this case.

You have heard testimony from [name of witness], who communicated through an interpreter in this trial.

You are to consider only the evidence provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that [name of witness] used the services of an interpreter to influence you in any way.

You should not consider the mere fact that [name of witness] was provided an interpreter in evaluating his credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English.

If you observed that the witness nodded his/her head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may have only indicated that the witness was following the translation.

*Source: Red Book 2.507*

**Proposed Instruction No. 38**

**Instructions as to Deliberation: Cautionary Instruction on Publicity, Communication, and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

*Source: Red Book 2.508*

**Proposed Instruction No. 39**

**Instructions as to Deliberation: Communications Between Court and Jury**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

*Source: Red Book 2.509*

**Proposed Instruction No. 40**

**Instructions as to Deliberation: Attitude and Conduct of Jurors**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

*Source: Red Book 2.510*

**Proposed Instruction No. 41**

**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected [two] [insert other number as appropriate] seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you [two] [insert other number as appropriate] leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

*Source: Red Book 2.511*

**Part II: Substantive Offense Instructions**

The parties request that the Court charge the jury as to the substantive offenses charged in accordance with the instructions proposed herein.  Where the parties have not been able to agree, they have submitted alternative instructions, noting objections and responses where appropriate. To aid the Court's review of the differences between the parties' proposed instructions, the defendant's alternate proposed instructions are included herein with a "redline" comparison.

(42)   Conspiracy

(43)   Conspiracy to Manufacture or Distribution of Controlled Substance For Importation

(44)   Conspiracy to Distribution of Listed Chemical to Manufacture Controlled Substance For Importation

(45)   Conspiracy to Launder Monetary Instruments

(46)   Aiding and Abetting (Red Book 3.200)

(47)   Venue

(48)   Willful Blindness

## Proposed Instruction No. 42

### Conspiracy

All three Counts of the Indictment charge that, Javier Algredo Vazquez and others did knowingly, intentionally, and willfully conspire to commit a crime.

A conspiracy is a combination of two or more people to accomplish an unlawful purpose. The essence of the crime of conspiracy is an unlawful agreement or understanding between two or more people to violate the law. It is against the law to conspire, or agree, with someone to commit a crime even if that crime was never committed or completed. The conspiracy or agreement itself is a separate offense from the crime that allegedly was planned. So, the government does not have to prove that the objective was achieved.

An agreement, in order to constitute a conspiracy agreement, does not have to be in writing, does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. This, of course, rarely, if ever, happens when illegal purposes are involved. On the other hand, it does not follow from the fact that people get together and talk about common interests, or do similar things, that an illegal agreement exists. The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit the crime of distribution of a controlled substance knowing and intending that the controlled substance would be unlawfully imported into the United States.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed. It is not essential that the government prove that the conspiracy began or ended on the specific date set forth in the indictment. Rather, the government is required to prove beyond a reasonable doubt that, in fact, a conspiracy existed for some time within the period set forth in the indictment.

The government has to prove the defendant intentionally joined in that agreement.

To be a member of the conspiracy, the defendant need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, or the means by which its purposes were to be accomplished. The defendant may be found to have been a member of the conspiracy even though he was not apprised of all the activities of the other members. Furthermore, the defendant need not have been informed of the full scope of the conspiracy, nor need they be shown to have joined in all of the conspiracy's unlawful objectives in order for you to infer that they joined the conspiracy knowingly. However, the defendant had to know or intend that the controlled substances would be imported into the United States because without that element there is no crime against the United States. Each member of the conspiracy may perform separate and distinct acts. It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose, had knowledge that the conspiracy existed, and was a member of the conspiracy. Different persons may become members of the conspiracy,

68

at different times. Moreover, it is not necessary, in order to convict the defendant of conspiracy, that the objectives or purposes of the conspiracy have been achieved or accomplished.

In determining whether a conspiracy existed and whether the defendant was a member, you may consider the acts and statements of any other member of the alleged conspiracy, done or made during the course of and in furtherance of the conspiracy, as evidence against the defendant. When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator in furtherance of the conspiracy is considered the act or statement of all the other conspirators and is evidence against each and all of them. In such cases, such acts or statements of one conspirator during the existence and in furtherance of the conspiracy are considered to be the acts or statements of all the other conspirators and can be regarded as evidence against them all.

You should not base your determination of the guilt or innocence on the extent of the defendant's participation in the alleged conspiracy. The defendant may be convicted as a conspirator even though you may find he played a minor role in the conspiracy, or joined the conspiracy after it was underway, provided that you find beyond a reasonable doubt that the conspiracy existed, and that the defendant knowingly participated in the conspiracy with the intent to advise, encourage, or assist other conspirators. You need not find that all members of the conspiracy were members at one time. For the defendant to be convicted as a conspirator, it is sufficient if at some time during the course of the conspiracy, he was a member of the conspiracy.

*Source: Adapted from Instructions given in United States v. Knowles, et al., No. 12-cr-266-ABJ (D.D.C. 2017).*

The defense proposes adding the additional language: But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that a defendant knowingly joined in the agreement.  Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy.  The government must show that he was part of the conspiracy.

**Proposed Instruction No. 43**

**Conspiracy to Manufacture or Distribute a Controlled Substance, Intending It Be Imported (21 U.S.C. §§ 959(a), 960, 963)**

Count One of the Indictment charges that, from in or about 2011 and continuing up to and including the time of the Indictment, September 23, 2021, Javier Algredo Vazquez and others did knowingly, intentionally, and willfully conspire to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such methamphetamine would be unlawfully imported into the United States, in violation of Title 21, Sections 959(a), 960 and 963, and Title 18, Section 2, of the United States Code.

There are several elements of the crime of conspiracy to manufacture or distribute a controlled substance for importation into the United States, each of which must be proved beyond a reasonable doubt. The elements are:

*First*, that from on or about the dates alleged in the indictment, an agreement existed the defendant and at least one other person to knowingly or intentionally manufacture or distribute methamphetamine knowing, intending, or having reasonable cause to believe that the drugs would be unlawfully imported into the United States;

*Second*, that the defendant knew of the unlawful purpose of the agreement. This means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident; and

*Third*, that the defendant joined in the agreement knowingly and willfully, that is, with the intent to further its unlawful purpose.

In addition, the government is not required to prove that the defendant committed an act in furtherance of the conspiracy. The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.

Now I've told you that a conspiracy is an agreement to commit a crime, and that the crime that is alleged to be the object of the conspiracy in this case is the manufacture or distribution of the charged controlled substances knowing, intending, or having reasonable cause to believe that the controlled substances would be unlawfully imported into the United States.  To manufacture means: the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container. To distribute means: to transfer or attempt to transfer to another person a measurable or detectable amount of a controlled substance, voluntarily and on purpose, not by mistake or accident.

70

If you determine that the government has proven beyond a reasonable doubt that the Defendant conspired to manufacture or distribute methamphetamine for importation into the United States, you must make a determination as to the quantity of the controlled substances for which the Defendant is responsible. The verdict form asks you to determine whether the government has proven beyond a reasonable doubt whether a mixture or substance containing or including methamphetamine exceeded a specified quantity. Your determination of the quantity of methamphetamine involved in the conspiracy must be unanimous, and you must be satisfied that the United States has proven the quantity of methamphetamine beyond a reasonable doubt.

The government is not required to show that any of the alleged criminal acts occurred within the District of Columbia. Pursuant to Title 21, United States Code, Section 959, the statute is intended to reach acts of "distribution committed outside the territorial jurisdiction of the United States." Federal law provides that alleged violations of Section 959 can be tried in the District of Columbia.

*Source: Adapted from Instructions given in United States v. Knowles, et al., No. 12-cr-266-ABJ (D.D.C. 2017) and United States v. Fajardo Campos, No. 16-cr-154 (D.D.C. 2019).*

**Proposed Instruction No. 44**

**Conspiracy to Distribute a Listed Chemical for the Manufacture and Unlawful Importation of a Controlled Substance (21 U.S.C. §§ 959(b), 960, 963)**

Count Two of the Indictment charges that, from in or about 2011 and continuing up to and including the time of the Indictment, September 23, 2021, Javier Algredo Vazquez and others did knowingly, intentionally, and willfully conspire to distribute List I chemicals, that is methylamine, intending and knowing that such chemical would be used to manufacture a controlled substance, that is methamphetamine, a Schedule II controlled substance, and intending, knowing, and have reasonable cause to believe that such methamphetamine would be unlawfully imported into the United States, in violation of Title 21, Sections 959(b), 960 and 963, and Title 18, Section 2, of the United States Code.

There are several elements of the crime of conspiracy to distribute a listed chemical for the manufacture and unlawful importation of a controlled substance, each of which must be proved beyond a reasonable doubt. The elements are:

*First*, that from on or about the dates alleged in the indictment, an agreement existed between the defendant and at least one other person to knowingly and intentionally distribute a List I chemical, that is methylamine, intending or knowing that such chemical would be used to manufacture methamphetamine; and intending, knowing, or having reasonable cause to believe that such methamphetamine would be unlawfully imported into the United States;

*Second*, that the defendant knew of the unlawful purpose of the agreement. This means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident; and

*Third*, that the defendant joined in the agreement knowingly and willfully, that is, with the intent to further its unlawful purpose.

In addition, as with Count One, the government is not required to prove that the defendant committed an act in furtherance of the conspiracy. The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.

Now I've told you that a conspiracy is an agreement to commit a crime, and that the crime that is alleged to be the object of the conspiracy in this case is the distribution of List I chemicals to manufacture methamphetamine knowing, intending, or having reasonable cause to believe that the methamphetamine would be unlawfully imported into the United States. Manufacture and distribute have the same meaning that I instructed you on with regards to Count One.

The government is not required to show that any of the alleged criminal acts occurred within the District of Columbia. Pursuant to Title 21, United States Code, Section 959, the statute is intended to reach acts of "distribution committed outside the territorial jurisdiction of the United States." Federal law provides that alleged violations of Section 959 can be tried in the District of Columbia.

*Source: Adapted from Instructions given in United States v. Knowles, et al., No. 12-cr-266-ABJ (D.D.C. 2017).*

## Proposed Instruction No. 45

## Conspiracy to Launder Monetary Instruments (18 U.S.C. § 1956(a)(2)(A) and (h))

Count Three of the Indictment charges that, from in or about January 2018 and continuing up to and including the time of the Indictment, September 23, 2021, Javier Algredo Vazquez and others did knowingly, intentionally, and willfully conspire to transport, transmit, and transfer and attempt to transport transmit, and a transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, specifically the crimes charged in Counts One and Two, in violation of Title 18, United States Code, Section 1956(a)(2)(A) and (h).

In order to find Javier Algredo Vazquez guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

*First*, that on or about the dates alleged in the indictment, the defendant and at least one other person reached an agreement to transport, transmit, or transfer or attempt to transport, transmit, or transfer a monetary instrument or funds from the United States to a place outside the United States or to the United States from a place outside the United States;

*Second*, the defendant voluntary and intentionally joined in the agreement or understanding, either at the time it was reached or at some later time while it was still in effect; and

*Third*, that at the time Javier Algredo Vazquez joined in the agreement or understanding, he knew the purpose of the agreement or understanding was to promote a specified unlawful activity, that is the manufacture or distribution of methamphetamine for importation into the United States; or the distribution of a List I chemical to manufacture methamphetamine for importation into the United States.

To "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money. It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means. It doesn't matter whether the monetary instrument or money involved in this case was derived from criminal activity. It could be legitimately earned income.[12]

A "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

The term "specified unlawful activity" means the manufacture or distribution of methamphetamine for importation into the United States; or the distribution of a List I chemical to manufacture methamphetamine for importation into the United States.

---

[12] The defense objects to the last two sentences of this paragraph.

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have conducted or attempted to conduct the financial transaction for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.

To "attempt" an act means to intentionally take some substantial step toward accomplishing the act so that the act will occur unless something happens to interrupt or frustrate it.

*Source: Pattern Crim. Jury Instrs.: Eighth Circuit (2022 ed.), 6.18.1956K (Conspiray to Launder Money); Pattern Crim. Jury Instrs.: Eleventh Circuit (2022 ed.), O74.3 (Money Laundering: International Transportation of Monetary Instruments.*

**Proposed Instruction 46**

**Aiding and Abetting**

You may find Javier Algredo Vazquez guilty of the crimes charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by Javier Algredo Vazquez at the place and time the crime is committed is not by itself sufficient to establish his guilt. It is not necessary that you find that Javier Algredo Vazquez was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

I have already instructed you on the elements of each of the offenses with which Javier Algredo Vazquez is charged. With respect to Count One and Count Two, regardless of whether Javier Algredo Vazquez is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Javier Algredo Vazquez personally acted with knowledge, intent, or reasonable cause to believe that the methamphetamine would be imported into the United States.

With respect to Count Three, regardless of whether Javier Algredo Vazquez is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Javier Algredo Vazquez personally acted with intent to promote a specified unlawful activity.

It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

*Source: Red Book 3.200*

[The defense objects to the aiding and abetting instruction in this case because the defendant was charged as a conspirator in each of the three counts of the indictment. It is logically and legally inconsistent to assert that an accused was a member of a conspiracy or in the alternative that he aided and abetted the conspiracy.]

**Proposed Instruction 47**

**Venue**

The indictment alleges that the conspiracies charged in Counts One through Three of the Indictment were begun or committed outside the United States and that Javier Algredo Vazquez was arrested in the District of Columbia. There is no requirement that the entire conspiracy take place outside the United States. But for you to return a guilty verdict, the government must convince you that the agreement was begun or committed outside the United States and that Javier Algredo Vazquez was arrested in the District of Columbia.

Unlike all the elements that I have described, these two facts only have to be proven by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not (1) that the conspiracy began or was committed outside the United States; and (2) that Javier Algredo Vazquez was arrested in the District of Columbia

Remember that the government must prove all the elements for Counts One through Three, which I have described, beyond a reasonable doubt.

*Source: 18 U.S.C. § 3238; S1 Modern Federal Jury Instructions-Criminal 3.09*

**Proposed Instruction 48**

**Willful Blindness**[13]

I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. A jury's finding beyond a reasonable doubt that a defendant intended to avoid knowledge or enlightenment can permit a jury to find knowledge.  Stated another way, a defendant's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

If a conspiracy is among two members or more, a defendant's conscious avoidance of knowledge of its illegal purpose may substitute for knowledge of the illegal purpose. A defendant's willful blindness may serve as the basis for the knowledge required to support the conspiracy conviction if, in light of certain obvious facts, reasonable inferences support a finding that a defendant's failure to investigate is equivalent to burying one's head in the sand.

The jury may find willful blindness only if the defendant was aware of facts that put the defendant on notice that criminal activity was probably afoot and deliberately failed to make further inquiries, intending to remain ignorant.

Carelessness, or negligence, or foolishness on the part of a defendant is not the same as knowledge, and is not enough to convict.

*Source: Pattern Crim. Jury Instrs.: Sixth Circuit (2005 ed.), § 2.09 (Deliberate Ignorance); United States v. Alston-Graves, 435 F.3d 331 (D.C. Cir. 2006); United States v. Bisong, 645 F.3d 384, 399-400 (D.C. Cir. 2011); United States v. Svoboda, 347 F.3d 471, 12 A.L.R. Fed. 2d 895 (2d Cir. 2003); United States v. Chavez-Alvarez, 594 F.3d 1062 (8th Cir. 2010);  United States v. Hawkins, 796 F.3d 843, 98 Fed. R. Evid. Serv. 1 (8th Cir. 2015); United States v. Dougherty, 98 F. Supp. 3d 721 (E.D. Pa. 2015).*

---

[13] Government Note: The government intends to move for this instruction if the evidence adduced at trial warrants it.

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**JAVIER ALGREDO VAZQUEZ,**<br>**also known as "MEN,"**<br><br>**Defendant.** | **CRIMINAL NO. 21-CR-597 (BAH)** |

## GOVERNMENT'S TRIAL EXHIBIT LIST

Government: Kate Naseef, Nhan Nguyen, Kaitlin Sahni

Defendant: Javier Algredo Vazquez

Current as of: June 30, 2023

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 1 | Carlos Algredo Vazquez Photo | 00042065 | | | CW-1 | |
| 2 | Francisco Pulido Coracero Photo | 00042720 | | | CW-1 | |
| 3 | Mexican Wiretap Warrant & Preservation Order for 552971126 and 3328321338 | 00033405-00033438 | | | Salvador Dominguez Perez | |
| 3A | Mexican Wiretap Warrant & Preservation Order for 552971126 and 3328321338 translated | | | | Salvador Dominguez Perez | |
| 4 | Mexican Wiretap Warrant for 552971126 and 3328321338 | 00037130-00037143 | | | Salvador Dominguez Perez | |
| 4A | Mexican Wiretap Warrant for 552971126 and 3328321338 translated | | | | Salvador Dominguez Perez | |

81

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 5 | Mexican Wiretap Preservation Order for 552971126 and 3328321338 | 00038286-00038288 | | | Salvador Dominguez Perez | |
| 5A | Mexican Wiretap Preservation Order for 552971126 and 3328321338 translated | | | | Salvador Dominguez Perez | |
| 6 | Mexican Chain of Custody Documents | 00033439-00033502 and 00038781-00040903 | | | Salvador Dominguez Perez | |
| 7 | Mexican MLAT Wiretap Disc-1A | 00029515-00029838 | | | Salvador Dominguez Perez | |
| 8 | Mexican MLAT Wiretap Disc-2A | 00029839-00030227 | | | Salvador Dominguez Perez | |
| 9 | Mexican MLAT Wiretap Disc-3A | 00030228-00030543 | | | Salvador Dominguez Perez | |
| 10 | Mexican MLAT Wiretap Disc-4A | 00030544-00030916 | | | Salvador Dominguez Perez | |
| 11 | Mexican MLAT Wiretap Disc-5A | 00030917-00031132 | | | Salvador Dominguez Perez | |
| 12 | Mexican MLAT Wiretap Disc-6A | 00031133-00031437 | | | Salvador Dominguez Perez | |
| 13 | Mexican MLAT Wiretap Disc-7A | 00031438-00031705 | | | Salvador Dominguez Perez | |
| 14 | Mexican MLAT Wiretap Disc-8A | 00031706-00031934 | | | Salvador Dominguez Perez | |
| 15 | Mexican MLAT Wiretap Disc-9A | 00031935-00032283 | | | Salvador Dominguez Perez | |
| 16 | Mexican MLAT Wiretap Disc-10A | 00032284-00032605 | | | Salvador Dominguez Perez | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 17 | Mexican MLAT Wiretap Disc-11A | 00032606-00032886 | | | Salvador Dominguez Perez | |
| 18 | Mexican MLAT Wiretap Disc-12A | 00032887-00033162 | | | Salvador Dominguez Perez | |
| 19 | Mexican MLAT Wiretap Disc-13A | 00033163-00033378 | | | Salvador Dominguez Perez | |
| 20 | Mexican MLAT Wiretap Disc-Copia 1A | 00038787-00038966 | | | Salvador Dominguez Perez | |
| 21 | Mexican MLAT Wiretap Disc-Copia 2A | 00038974-00039187 | | | Salvador Dominguez Perez | |
| 22 | Mexican MLAT Wiretap Disc-Copia 4B | 00039195-00039363 | | | Salvador Dominguez Perez | |
| 23 | Mexican MLAT Wiretap Disc-Copia 5A | 00039371-00039685 | | | Salvador Dominguez Perez | |
| 24 | Mexican MLAT Wiretap Disc-Copia 6A | 00039693-00040018 | | | Salvador Dominguez Perez | |
| 25 | Mexican MLAT Wiretap Disc-Copia 7A | 00040026-00040205 | | | Salvador Dominguez Perez | |
| 26 | Mexican MLAT Wiretap Disc-Copia 8A | 00040213-00040404 | | | Salvador Dominguez Perez | |
| 27 | Mexican MLAT Wiretap Disc-Copia 9A | 00040412-00040627 | | | Salvador Dominguez Perez | |
| 28 | Mexican MLAT Wiretap Disc-Copia 10A | 00040635-00040898 | | | Salvador Dominguez Perez | |
| 29 | Mexican MLAT Wiretap Disc-Copia 11A | 00040906-00041178 | | | Salvador Dominguez Perez | |
| 30 | WhatsApp Extraction Disc | 00028270-00028570 | | | Diana Wu | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 31 | Disc of select Mexican Wiretap Intercepts | | | | Judi O'Brien | |
| 32 | Disc of Mexican Wiretap Translations | | | | Judi O'Brien | |
| 33 | Disc of Spanish-language Written Exhibits | | | | Judi O'Brien | |
| 34 | Disc of Spanish-language Exhibit Translations | | | | Judi O'Brien | |
| 35 | Certificate of Incorporation Pro Chemie New York | 00008229-00008231 | | | Kevin Novick | |
| 36 | Certificate of Change Pro Chemie New York | 00008225-00008227 | | | Kevin Novick | |
| 37 | Carlos Algredo Vazquez Visa Application | 00042523-00042538 | | | Kevin Novick | |
| 38 | Business Incorporation Registration MB Barter & Trading | 00035921-35927 | | | Kevin Novick | |
| 39 | Signed Statement of Carlos Algredo Vazquez | 00035772-00035775 | | | Kevin Novick | |
| 40 | Mexico MLAT Apostille | 00036983-00036986 | | | Kevin Novick | |
| 41 | 5529711226_20201006_112855_671_000340.wav | 00030496 | | | Kevin Novick | |
| 41A | 5529711226_20201006_112855_671_000340 TRANSCRIPT | 00041984A - 00041987A | | | Kevin Novick | |
| 42 | 5529711226_20200929_095707_570_000117.wav | 00030424 | | | Kevin Novick | |
| 42A | 5529711226_20200929_095707_570_000117 TRANSCRIPT | 00041962A - 00041964A | | | Kevin Novick | |
| 43 | 5529711226_20200929_172452_583_000617.wav | 00030433 | | | Kevin Novick | |
| 43A | 5529711226_20200929_172452_583_000617 TRANSCRIPT | 00041965A - 00041971A | | | Kevin Novick | |
| 44 | 5529711226_20200930_183722_607_000503.wav | 00030451 | | | Kevin Novick | |
| 44A | 5529711226_20200930_183722_607_000503 TRANSCRIPT | 00041979A - 00041983A | | | Kevin Novick | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 45 | 5529711226_20201008_132702_695_000625.wav | 00030514 | | | Kevin Novick | |
| 45A | 5529711226_20201008_132702_695_000625 TRANSCRIPT | 00041988A-00041995-1A | | | Kevin Novick | |
| 46 | 5529711226_20210106_103750_2162_001813.wav | 00032404 | | | Kevin Novick | |
| 46A | 5529711226_20210106_103750_2162_001813_TRANSCRIPT.pdf | 00042543A-00042561A | | | Kevin Novick | |
| 47 | 5529711226_20210106_110514_2163_000916.wav | 00032405 | | | Kevin Novick | |
| 47A | 5529711226_20210106_110514_2163_000916_TRANSCRIPT.pdf | 00042562A-00042572A | | | Kevin Novick | |
| 48 | 5529711226_20210106_125803_2168_000517.wav | 00032408 | | | Kevin Novick | |
| 48A | 5529711226_20210106_125803_2168_000517_TRANSCRIPT.pdf | 00042573A-00042579A | | | Kevin Novick | |
| 49 | 5529711226_20210107_153313_2196_000938.wav | 00032427 | | | Kevin Novick | |
| 49A | 5529711226_20210107_153313_2196_000938 TRANSCRIPT.pdf | 00042580A-00042591A | | | Kevin Novick | |
| 50 | 5529711226_20210108_141213_2237_000613.wav | 00032450 | | | Kevin Novick | |
| 50A | 5529711226_20210108_141213_2237_000613 TRANSCRIPT.pdf | 00042592A-00042600A | | | Kevin Novick | |
| 51 | 5529711226_20210109_050142_2252_000346.wav | 00032459 | | | Kevin Novick | |
| 51A | 5529711226_20210109_050142_2252_000346 TRANSCRIPT.pdf | 00042601A-00042604A | | | Kevin Novick | |
| 52 | 5529711226_20210109_091743_2253_000738.wav | 00032460 | | | Kevin Novick | |
| 52A | 5529711226_20210109_091743_2253_000738 TRANSCRIPT.pdf | 00042605A-00042611A | | | Kevin Novick | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 53 | 5529711226_20210110_162721_2283_001739.wav | 00032479 | | | Kevin Novick | |
| 53A | 5529711226_20210110_162721_2283_001739 TRANSCRIPT.pdf | 00042612A - 00042630A | | | Kevin Novick | |
| 54 | 5529711226_20210114_095546_2383_000134.wav | 00032540 | | | Kevin Novick | |
| 54A | 5529711226_20210114_095546_2383_000134 TRANSCRIPT.pdf | 00042631A - 00042633A | | | Kevin Novick | |
| 55 | 5529711226_20210810_183401_247_000759.wav | 00039107 | | | Kevin Novick | |
| 55A | 5529711226_20210810_183401_247_000759 TRANSCRIPT.pdf | 00042634A - 00042642A | | | Kevin Novick | |
| 56 | 5529711226_20210813_120342_291_001304.wav | 00039137 | | | Kevin Novick | |
| 56A | 5529711226_20210813_120342_291_001304 TRANSCRIPT.pdf | 00042643A - 00042655A | | | Kevin Novick | |
| 57 | 5529711226_20210813_121800_292_001409.wav | 00039138 | | | Kevin Novick | |
| 57A | 5529711226_20210813_121800_292_001409 TRANSCRIPT.pdf | 00042656A - 00042666A | | | Kevin Novick | |
| 58 | 5529711226_20210816_110556_341_004404.wav | 00039159 | | | Kevin Novick | |
| 58A | 5529711226_20210816_110556_341_004404_TRANSCRIPT.pdf | 00042667A - 00042714A | | | Kevin Novick | |
| 59 | 3328321338_20211203_144117_1643_000249.wav | 00040771 | | | Kevin Novick | |
| 59A | 3328321338_20211203_144117_1643_000249 TRANSCRIPT.pdf | 00042539A - 00042542A | | | Kevin Novick | |
| 60 | 5529711226_20211203_144123_2270_000243.wav | 00040896 | | | Kevin Novick | |
| 60A | 5529711226_20211203_144123_2270_000243 TRANSCRIPT.pdf | 00042730A - 00042733A | | | Kevin Novick | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 61 | Disc Containing 824 Seized javijavi43@yahoo.com Emails (Originals and Translations) | 00010620-00023580 (originals) | | | Kevin Novick | |
| 62 | Email 00011141-00011143 | 00011141-00011143 | | | Kevin Novick | |
| 63A | Email 00011910 | 00011910 | | | Kevin Novick | |
| 63B | Email 00011910 Translation | 00041761 | | | Kevin Novick | |
| 63C | Email 00011910 Attachments | 00011911-00011913 | | | Kevin Novick | |
| 64 | Summary Chart Showing Frequency of Contact Between Carlos and Javier | 00042719 | | | Kevin Novick | |
| 65A | Email 00012675 | 00012675 | | | Kevin Novick | |
| 65B | Email 00012675 Translation | 00042940 | | | Kevin Novick | |
| 66A | Email 00011699 | 00011699 | | | Kevin Novick | |
| 66B | Email 00011699 Translation | 00041714 | | | Kevin Novick | |
| 66C | Email 00011699 Attachments | 00011100-00011703 | | | Kevin Novick | |
| 67A | Email 00012873 | 00012873 | | | Kevin Novick | |
| 67B | Email 00012873 Translation | 00042266 | | | Kevin Novick | |
| 67C | Email 00012873 Attachment | 00012874 | | | Kevin Novick | |
| 68-80 | Photos of Feb. 25, 2021 Seizure of Oxalic Acid | 00007890-00007959 | | | Kevin Novick | |
| 81A | Email 00011453 | 00011453 | | | Kevin Novick | |
| 81B | Email 00011453 Translation | 00041639 | | | Kevin Novick | |
| 81C | Email 00011453 Attachment | 00011454 | | | Kevin Novick | |
| 82A | Email 00012722 | 00012722 | | | Kevin Novick | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 82B | Email 00012722 Translation | 00042235 | | | Kevin Novick | |
| 82C | Email 00012722 Attachments | 00012723-00012724 | | | Kevin Novick | |
| 83-97 | Photos of Sept. 21, 2021 Seizure of Acetic Acid | 00042392-00042436 | | | Kevin Novick | |
| 98-108 | Photos of Dec. 14, 2021 Seizure of Acetic Acid | 00042447-00042501 | | | Kevin Novick | |
| 109-117 | Photos of Jan. 10, 2022 Seizure of Acetic Acid | 00042301-00042327 | | | Kevin Novick | |
| 118A | Email 00012030 | 00012030 | | | Kevin Novick | |
| 118B | Email 00012030 Translation | 00041793 | | | Kevin Novick | |
| 118C | Email 00012030 Attachments | 00012031-00012035 | | | Kevin Novick | |
| 119-128 | Photos of June 8, 2021 Seizure of Methylamine | 00007985-00008050 | | | Kevin Novick | |
| 129 | Video of June 8, 2021 Seizure of Methylamine | 00008051 | | | Kevin Novick | |
| 130 | Physical Chemical Samples | | | | Kevin Novick | |
| 131 | Summary Chart of Methylamine Emails | 00042723-00042723 | | | Kevin Novick | |
| 132 | Summary Chart of Quantities of Chemicals | 00042724-00042724 | | | Kevin Novick | |
| 133 | September 25, 2017 Whatsapp Messages w/ Carlos/Cell | 00042734A | | | Kevin Novick | |
| 134 | December 14, 2017 Whatsapp Messages w/ Carlos/Cell | 00042735A | | | Kevin Novick | |
| 135 | January 22, 2018 Whatsapp Messages w/ Carlos/Cell | 00042736A - 00042737A | | | Kevin Novick | |
| 136 | February 1, 2018 Whatsapp Messages w/ Carlos/Cell | 00042738A | | | Kevin Novick | |
| 137 | December 27, 2018 Whatsapp Messages w/ Carlos/Cell | 00042739A | | | Kevin Novick | |
| 138 | February 27, 2019 Whatsapp Messages w/ Carlos/Cell | 00042740A - 00042741A | | | Kevin Novick | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 139 | March 1, 2019 Whatsapp Messages w/ Carlos/Cell | 00042742A | | | Kevin Novick | |
| 140 | June 4, 2019 Whatsapp Messages w/ Carlos/Cell | 00042743A | | | Kevin Novick | |
| 141 | July 3, 2019 Whatsapp Messages w/ Carlos/Cell | 00042744A | | | Kevin Novick | |
| 142 | July 10, 2019 Whatsapp Messages w/ Carlos/Cell | 00042745A | | | Kevin Novick | |
| 143 | October 9, 2019 Whatsapp Messages w/ Eder Gerardo Barron | 00042746A - 00042747A | | | Kevin Novick | |
| 144 | October 10-12, 2019 Whatsapp Messages w/ Eder Gerardo Barron | 00042748A - 00042750A | | | Kevin Novick | |
| 145 | December 19, 2019 Whatsapp Messages w/ Carlos/Cell | 00042751A - 00042752A | | | Kevin Novick | |
| 146 | January 27, 2020 Whatsapp Messages w/ Carlos/Cell | 00042753A | | | Kevin Novick | |
| 147 | March 12-16, 2020 Whatsapp Messages w/ Carlos/Cell | 00042754A - 00042756A | | | Kevin Novick | |
| 148 | June 2, 2020 Whatsapp Messages w/ Carlos/Cell | 00042757A - 00042758A | | | Kevin Novick | |
| 149 | June 22, 2020 Whatsapp Messages w/ Carlos/Cell | 00042759A - 00042760A | | | Kevin Novick | |
| 150 | June 23, 2020 Whatsapp Messages w/ Carlos/Cell | 00042761A | | | Kevin Novick | |
| 151 | July 8, 2020 Whatsapp Messages w/ Alex(Rambo) | 00042762A | | | Kevin Novick | |
| 152 | August 27, 2020 Whatsapp Messages w/ Alex(Rambo) | 00042763A - 00042765A | | | Kevin Novick | |
| 153 | January 17, 2021 Whatsapp Messages w/ Carlos/Cell | 00042766A - 00042767A | | | Kevin Novick | |
| 154 | June 7, 2021 Whatsapp Messages w/ Carlos/Cell | 00042768A | | | Kevin Novick | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 155 | July 12-21, 2021 Whatsapp Messages w/ Carlos/Cell | 00042769A - 00042771A | | | Kevin Novick | |
| 156 | September 20, 2021 Whatsapp Messages w/ Carlos/Cell | 00042772A - 00042773A | | | Kevin Novick | |
| 157 | Methylamine HCL Bill of Lading ("BOL") - June 2021 Seizure | 00007520-00007531 | | | Doug Miller | |
| 158 | Methylamine HCL Invoice – June 2021 Seizure | 00007540-00007556 | | | Doug Miller | |
| 159 | Oxalic Acid BOL – August 2021 Seizure | 00008223-00008223 | | | Doug Miller | |
| 160 | Citric Acid BOL – August 2021 Seizure | 00008222-00008222 | | | Doug Miller | |
| 161 | Acetic Acid BOL – September 2021 Seizure | 00008220-00008220 | | | Doug Miller | |
| 162 | Benzyl Alcohol Shipping Documents & Invoice - March 2021 | 00007484-00007508 | | | Doug Miller | |
| 163 | Methyl Thioglycolate Invoice - March 2021 | 00007512-00007519 | | | Doug Miller | |
| 164 | Piperidone HCL Invoice & BOL - December 2020 | 00007656-00007681 | | | Doug Miller | |
| 165 | Email Confirming DC Meeting – September 2021 | 00042722 | | | Doug Miller | |
| 166-178 | Photos of August 23, 2021 Seizure | 00010348-00010449 | | | Adrian Owens | |
| 179 | Physical Drug Sample 1 | | | | Adrian Owens | |
| 180A | Email 00011650 | 00011650 | | | Adrian Owens | |
| 180B | Email 00011650 Translation | 00041637 | | | Adrian Owens | |
| 180C | Email 00011650 Attachment | 00011651 | | | Adrian Owens | |
| 181A | Email 00012776 | 00012776 | | | Adrian Owens | |
| 181B | Email 00012776 Translation | 00042234 | | | Adrian Owens | |
| 181C | Email 00012776 Attachment | 00012777 | | | Adrian Owens | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 182-194 | Photos of August 25, 2021 Seizure | 00010302-00010349 | | | Adrian Owens | |
| 195 | Physical Drug Sample 2 | | | | Adrian Owens | |
| 196-202 | Photos of August 30, 2021 Seizure | 00010276-00010295 | | | Adrian Owens | |
| 203-213 | Photos of September 1, 2021 Seizure | 00010454-00010473 | | | Adrian Owens | |
| 214 | Consent to Search (00009094) | 00009094-00009095 | | | Adrian Owens | |
| 215 | Documents Found on the Defendant's Person | 00009096-00009164 | | | Adrian Owens | |
| 216 | The Defendant's Cellular Telephone | | | | Adrian Owens | |
| 217 | Waiver of Miranda Rights (00009095) | 00009165-00009175 | | | Adrian Owens | |
| 218 | Photograph of Check | 00042290 | | | Adrian Owens | |
| 219 | Lab Report for Exhibit #11a-bb | 00010558 | | | Dean Kirby | |
| 220 | Bank of America Certification | 00001486 | | | Kelly Chang | |
| 221 | 7754 wires | 00001778 | | | Kelly Chang | |
| 222 | 00001489-00001490.pdf | 00001489-00001490 | | | Kelly Chang | |
| 223 | 00001491-00001495.pdf | 00001491-00001495 | | | Kelly Chang | |
| 224 | 00001496-00001496.pdf | 00001496-00001496 | | | Kelly Chang | |
| 225 | 00001497-00001500.pdf | 00001497-00001500 | | | Kelly Chang | |
| 226A | Email 00018550 | 00018550 | | | Kelly Chang | |
| 226B | Email 00018550 Translation | 00041799 | | | Kelly Chang | |
| 226C | Email 00018550 Attachment | 00018551 | | | Kelly Chang | |
| 227A | Email 00010883 | 00010883 | | | Kelly Chang | |
| 227B | Email 00010883 Translation | 00041874 | | | Kelly Chang | |
| 227C | Email 00010883 Attachment | 00010884-00010885 | | | Kelly Chang | |
| 228A | Email 00011659 | 00011659 | | | Kelly Chang | |
| 228B | Email 00011659 Translation | 00041705 | | | Kelly Chang | |
| 228C | Email 00011659 Attachment | 00011660 | | | Kelly Chang | |
| 229A | Email 00011334 | 00011334 | | | Kelly Chang | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 229B | Email 00011334 Translation | 00042033 | | | Kelly Chang | |
| 229C | Email 00011334 Attachment | 00011335 | | | Kelly Chang | |
| 230A | Email 00012889 | 00012889 | | | Kelly Chang | |
| 230B | Email 00012889 Translation | 00042274 | | | Kelly Chang | |
| 230C | Email 00012889 Attachment | 00012890 | | | Kelly Chang | |
| 231A | Email 00012021 | 00012021 | | | Kelly Chang | |
| 231B | Email 00012021 Translation | 00041790 | | | Kelly Chang | |
| 231C | Email 00012021 Attachment | 00012022-00012024 | | | Kelly Chang | |
| 232A | Email 00011889 | 00011889 | | | Kelly Chang | |
| 232B | Email 00011889 Translation | 00041758 | | | Kelly Chang | |
| 232C | Email 00011889 Attachment | 00011890-00011902 | | | Kelly Chang | |
| 233A | Email 00011988 | 00011988 | | | Kelly Chang | |
| 233B | Email 00011988 Translation | 00041779 | | | Kelly Chang | |
| 233C | Email 00011988 Attachment | 00011989 | | | Kelly Chang | |
| 234A | Email 00012824 | 00012824 | | | Kelly Chang | |
| 234B | Email 00012824 Translation | 00042263 | | | Kelly Chang | |
| 234C | Email 00012824 Attachment | 00012825 | | | Kelly Chang | |
| 235A | Email 00011905 | 00011905 | | | Kelly Chang | |
| 235B | Email 00011905 Translation | 00041760 | | | Kelly Chang | |
| 235C | Email 00011905 Attachment | 00011906-00011909 | | | Kelly Chang | |
| 236A | Email 00012873 | 00012873 | | | Kelly Chang | |
| 236B | Email 00012873 Translation | 00042266 | | | Kelly Chang | |
| 236C | Email 00012873 Attachment | 00012874 | | | Kelly Chang | |
| 237 | Wire and Invoice Focused List | 00042725-00042725 | | | Kelly Chang | |
| 238 | Wire and Invoice Master List | 00042726-00042729 | | | Kelly Chang | |
| 239 | NY Tax Records Bates Stamp | 00041407-00041607 | | | Kelly Chang | |
| 240 | Real Property Records (00007721-00007889) | 00007721-00007889 | | | Kelly Chang | |
| 241 | Bank of America Certification (#0000004) | 00000044 | | | Kelly Chang | |
| 242 | Wires (00000046) | 00000046 | | | Kelly Chang | |
| 243 | 00000050-00001484 | 00000050-00001484 | | | Kelly Chang | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 244 | TD Bank Declaration #1 | 00042721 | | | Kelly Chang | |
| 245 | 00006766-00006804.pdf | 00006766-00006804 | | | Kelly Chang | |
| 246 | 00006805-00006805.pdf | 00006805-00006805 | | | Kelly Chang | |
| 247 | 00006806-00006848.pdf | 00006806-00006848 | | | Kelly Chang | |
| 248 | 00006849-00006897.pdf | 00006849-00006897 | | | Kelly Chang | |
| 249 | 00006898-00007116.pdf | 00006898-00007116 | | | Kelly Chang | |
| 250 | 00007117-00007117.pdf | 00007117-00007117 | | | Kelly Chang | |
| 251 | 00007118-00007317.pdf | 00007118-00007317 | | | Kelly Chang | |
| 252 | TD Bank Declaration #2 | 00008257-00008257 | | | Kelly Chang | |
| 253 | 00008258-00008296.pdf | 00008258-00008296 | | | Kelly Chang | |
| 254 | 00008297-00008297.pdf | 00008297-00008297 | | | Kelly Chang | |
| 255 | 00008298-00008340.pdf | 00008298-00008340 | | | Kelly Chang | |
| 256 | 00008341-00008389.pdf | 00008341-00008389 | | | Kelly Chang | |
| 257 | 00008390-00008608.pdf | 00008390-00008608 | | | Kelly Chang | |
| 258 | 00008609-00008609.pdf | 00008609-00008609 | | | Kelly Chang | |
| 259 | 00008610-00008809.pdf | 00008610-00008809 | | | Kelly Chang | |
| 260 | Lab Report for Exhibit #14a-bb (00042192) | 00042192 | | | Fracia Martinez | |
| 261 | Lab Report for Exhibit #15a-bb (00042191) | 00042191 | | | Fracia Martinez | |
| 262 | Lab Report for Exhibit #17a-bb (00042193) | 00042193 | | | Fracia Martinez | |
| 263 | Lab Report for Exhibit #16a-bb | 00042190 | | | Rochelle Hranac | |

| Gov. Exhibit Number | Description of Exhibit | Bates Nos. | Marked For I.D. | Received In Evidence | Witness | Exhibits Sent into Jury (Date/Time) |
|---|---|---|---|---|---|---|
| 264 | Demonstrative Slideshow | | | | Joseph Bozenko | |

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) **CRIMINAL NO.: 21-597 (BAH)** |
| | ) |
| **JAVIER ALGREDO VAZQUEZ,** | ) |
| | ) |
| **Defendant.** | ) |

**PROPOSED VERDICT FORM**

**WE, THE JURY, UNANIMOUSLY FIND AS FOLLOWS:**

1. On Count One of the Indictment, charging conspiracy to distribute methamphetamine, intending, knowing, or having reasonable cause to believe that it would be imported into the United States, we, the jury, unanimously find the Defendant, Javier Algredo Vazquez

   NOT GUILTY _____          GUILTY _____

   <u>Amount of Methamphetamine</u>

   If you found the Defendant guilty of conspiracy to distribute methamphetamine, then you must indicate the amount of methamphetamine for which the Defendant was responsible, or which the Defendant knew or reasonably could have foreseen would be distributed by the conspiracy, intending or knowing that it would be imported into the United States. This finding must also be unanimous.

   _____   500 grams or more of methamphetamine

   _____   50 grams or more but less than 500 grams of methamphetamine

   _____   less than 50 grams of methamphetamine.

96

2.  On Count Two of the Indictment, charging conspiracy to distribute methylamine,

    intending or knowing that it would be used to manufacture methamphetamine and

    intending, knowing, or having reasonable cause to believe that the methamphetamine

    would be imported into the United States, we, the jury, unanimously find the Defendant,

    Javier Algredo Vazquez


    NOT GUILTY _____          GUILTY _____


3.  On Count Three of the Indictment, charging conspiracy to launder a monetary instrument,

    we, the jury, unanimously find the defendant, Javier Algredo Vazquez.


    NOT GUILTY _____          GUILTY _____



    Foreperson _____          Date _____