IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | | 21-cr-597 (BAH) |
| v. | : | |
| | | **(UNDER SEAL)** |
| JAVIER ALGREDO VAZQUEZ | : | |

### DEFENDANT'S MOTION TO PRECLUDE IN COURT IDENTIFICATION

Defendant Javier Algredo Vazquez respectfully moves this Court to preclude the Government from conducting an in-court identification by its one remaining witness (CW-1) in this case. As explained herein, such an in-court identification of the defendant sitting at the defense table with undersigned counsel would be highly suggestive. Moreover, there is evidence that the Government's out of court identification procedures with CW-1 were improperly suggestive. Finally, there is a legitimate question as to whether CW-1 ever actually met or knew defendant Javier Algredo.

### FACTUAL BACKGROUND

On September 20, 2023, defendant Javier Algredo Vazquez was arrested in Washington, D.C. and from the inception of this case, he has denied any involvement in the production of methamphetamine or of any other illicit drug. The government initially relied on four witnesses who all worked together at some point in Mexico and who all claimed to have all worked extensively with an individual nicknamed "Men" at his secret methamphetamine laboratory somewhere in Mexico. The current status of the four witnesses is as follows: (1) TRR was not at all able to identify the "Men" that he had worked with from a photographic array; (2) MPD affirmatively stated that defendant Javier Algredo was not the individual nicknamed "Men" that they had worked with; (3) RRR allegedly identified the defendant Javier Algredo as the

1

individual nicknamed "Men" but on the dates that he claimed to have worked with the defendant, Mr. Algredo was not in Mexico and the Government is not using him as a witness at trial; and finally (4) CW-1 also allegedly positively identified Mr. Algredo in a photographic array. The identification procedure used with CW-1 is the subject of this motion. (The photographic array and two social media photographs are attached here as Exhibit 1).[1]

## PHOTOGRAPHIC ARRAY

Before each proffer session that the Government spoke to CW-1 about the defendant, the session began with the prosecutor setting out the agenda for the meeting by telling CW-1 that the Government wanted to ask about Javier Algredo-Vazquez. At the start of the first meeting on April 29, 2021, the Government told CW-1 that "she wanted to begin the proffer by talking about Javier Algredo-Vazquez, aka Men." (Government Proffer Notes, Dated April 29, 2021 attached here as Exhibit 2). CW-1 started by saying that "he has heard someone referring to him as Men," but he himself was unsure of the defendant's nicknames. Then CW-1 proceeded to talk about how the defendant owned a warehouse in Guadalajara and Culiacan, Mexico and how the defendant supplied methamphetamine to members of the Cartel Jalisco Nueva Generación. No identification procedure was conducted during the April 29, 2021 meeting.

On May 26, 2021, again the Government told CW-1 "wanted to ask about Javier Algredo-Vazquez." CW-1 was provided "the photo identification warning and showed [CW-1] a 6-pack photo lineup where Javier was #3. [CW-1] positively identified Javier." Gov't Exhibit 3500-JCA-17. Despite requesting details from the Government as to what constitutes such "warning," no further explanation was ever provided to the defense. During this interview, CW-1 could not think of the chemical company name the defendant owned in the United States. The DEA agent

---

[1] This photographic array was not included in the discovery material and on May 7, 2023 undersigned counsel specifically requested the information. The government sent the attached photographic array on June 7, 2023.

2

then "promoted CW-1 with the name of New York Pro Chem. CW-1 said that was the name of the company." (Government Proffer Notes Dated May 26, 2021 attached here as Exhibit 3).

The "photographic array" that was provided to the defense consists of six photographs of what appears to be Hispanic men and includes the Defendant Javier Algredo. The photographs are numbered 00042053 through 00042058, the first photograph being that of the defendant, and not the third one. None of the photographs are signed or dated to indicate if and when the witness identified the defendant.

More importantly, the photographic array is improperly suggestive because all the photographs have similar backgrounds except that of the defendant. The other five photographs portray younger men who look like they were all recently arrested after being involved in a drunken street brawl and then there is the grainy photograph of a much younger (and thinner) defendant. The background of the other five photographs are all similar whereas that of the defendant appears to have been taken off of a website. The other five photographs depict the defendants from the torso up; the defendant's photograph is a "head shot" only.

### IMPROPERLY SUGGESTIVE PROCEDURES FOR OTHER IDENTIFICATIONS WITH THIS WITNESS

Based upon information provided by the Government, it appears that this is not the only unnecessarily suggestive out of court identification procedure used in this case with CW-1. The procedures used in another identification effort are described below and should be considered by the Court in determining that the Government should be precluded from allowing CW-1 to make an in-court identification in this case.

*Carlos Algredo Vazquez*

On January 3, 2021, after the Government had asked about and discussed with CW-1 about obtaining chemicals from various individuals, CW-1 was "asked about Carlos Algredo."

3

(defendant's older brother who bears a resemblance to the defendant). "CW-1 said he knows Carlos but does not recognize the last name." Then "when CW-1 was shown a **sole photograph** of (Carlos) Algredo, he recognized his photograph and said he was also involved in chemical sales and he did see him with (Francisco) Pulido and others." (Government Proffer Session Dated January 3, 2021 attached here as Exhibit 4)(emphasis added). It appears that the only basis for this identification was that only one photograph was shown to the witness.

At a subsequent meeting, approximately three weeks later, on January 27, 2021, the Government without "warning" this time "showed the first 6-pack photo line-up, which depicts Carlos Algredo-Vazquez. [CW-1] did not recognize Algredo or his name/companies. [CW-1] had no dealings with Carlos Algredo-Vazquez." (Government Proffer Notes Dated January 27, 2021 attached here as Exhibit 5). CW-1 did identify Francisco Pulido (whose daughter Alba was a woman that CW-1 was having an extra-marital with at the time) and talked about the chemicals he obtained from Pulido. It goes without saying that an identification procedure was unnecessarily suggestive when the only time a witness can make an identification is when a single photograph is shown to them.

## ANALYSIS

It is fundamental that an unnecessarily suggestive out of court identification procedure can taint a subsequent in court identification. In this case, there are legitimate reasons to believe that the out of court identification procedures conducted with CW-1 were improperly suggestive and the basis of identification was not his personal knowledge.

In that regard, CW-1 was shown a photographic array in which the defendant's picture stood apart. CW-1 was unable to name the defendant's brokerage company until the name was helpfully suggested by the DEA agent on the case. A similar scenario repeated itself with the

4

identification of the defendant's brother. When shown a single photo, CW-1 had no trouble making an identification. But when given a choice of six photographs, he was unable to identify anyone. Since defendant and his brother are allegedly to have attended meetings and worked together with CW-1, the failure to identify Carlos Algredo strongly suggests that the identification of defendant Javier Algredo is not from the witness' own memory, but rather was the result of the suggestive identification procedures.

## CONCLUSION

Under these circumstances, the Court should preclude the Government from eliciting an in court identification. It would be readily apparent to anyone sitting in the witness box, that the defendant is the accused, both from his location at defense counsel table and the fact that he almost certainly be the only Latino male located in the well of the courtroom.

Respectfully submitted,

/s/ *Sandi S. Rhee*

_____
Sandi S. Rhee (VSBN # 47328)
228 S Washington Street, Suite 300
Alexandria, Virginia 22314
(202) 285-8366 (cellular)
SandiRheeLaw@Gmail.com

**CERTIFICATE OF SERVICE**

      I certify that a copy of Defendant's Motion to Preclude In Court Identification was served on Government counsel Kaitlin Sahni, Kate Naseef, and Nhan Nguyen via the Court's Electronic Case Filing system this 11th of July, 2023.

                                                      /s/
                                       Sandi S. Rhee
                                       228 S Washington Street,
                                       Suite 300
                                       Alexandria, VA 22314
                                       (202) 285-8366 cellular
                                       SandiRheeLaw@Gmail.com